UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MICHAEL R. LEMONS,

        Plaintiff/Petitioner,

|  |  |  |
|---|---|---|
|  | Civ. No. | 16-cv-1158 |
| v. | Crim. No. | 08-cr-10102-JDB |

UNITED STATES,

        Defendant/Respondent.

---

MEMORANDUM IN SUPPORT OF MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

---

COMES NOW Defendant, Michael R. Lemons, pursuant to Rules-Section 2255 Proceedings 2(a), by and through undersigned counsel, and respectfully moves this Court to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.  A standard form motion provided by the Sixth Circuit is being filed concurrently herewith.  See Rules-Section 2255 Proceedings 2(c).

Mr. Lemons' Motion to Vacate, Set Aside or Correct Sentence is timely filed under 28 U.S.C. § 2255(f)(3).  It is being filed within one year of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the decision that forms the basis of the § 2255 motion.  Johnson established a new interpretation of substantive law that is retroactively applicable to this case.  See Welch v. United States, 136 S. Ct. 1257, 1265, 1268 (2016); In re: Watkins, 810 F.3d 375, 377 (6th Cir. 2015).  Mr. Lemons therefore respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and resentence him.  In support of this motion, Mr. Lemons states as follows.

I.     **PROCEDURAL HISTORY**

On 05/19/2010, this Court sentenced Mr. Lemons as an armed career criminal after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (See Redacted J., **R. 47, Page ID # ___**.)  As was required at the time, the Court imposed a 180 month sentence pursuant to the enhanced penalty provisions of the **Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) ("ACCA")** Id. at **Page ID # ___**.

Prior to sentencing, as in all criminal cases, a Presentence Investigation Report ("PSR") was prepared.  The PSR provided that Mr. Lemons should be sentenced as an armed career criminal.  (PSR, at ¶ **21**.)  The three prior convictions qualifying Mr. Lemons for ACCA status consisted of: three aggravated burglaries (PSR, at ¶¶  **26, 29**)

Mr. Lemons did not challenge his conviction for aggravated burglary as an ACCA predicate because the controlling law in the Sixth Circuit held that a conviction for aggravated burglary in Tennessee was categorically a violent felony for ACCA purposes.  See United States v. Stitt, No. 14-6158, 2016 U.S. App. LEXIS 2501, *10 (6th Cir. Feb. 10, 2016) (stating that aggravated burglary had been determined categorically to be a violent felony under the ACCA's enumerated offense clause); United States v. Bailey, 634 F. App'x 473, (6th Cir. 2015) (finding the Tennessee aggravated burglary statute to be the generic version of the crime of burglary and was therefore a violent felony for ACCA purposes); United States v. Priddy, 808 F.3d 676, 684 (6th Cir. 2015) (same); United States v. Nance, 481 F.3d 882, 888 (6th Cir. 2007) (same); United States v. Sawyers, 409 F.3d 732 (2005) (stating that Tennessee aggravated burglary met the generic definition of burglary set forth by the Supreme Court in Taylor v. United States, 495 U.S. 575, 598 (1990)).

On June 26, 2015, the Supreme Court issued its decision in <u>Johnson</u>.  The Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."[1]  135 S. Ct. at 2563.   On April 27, 2016, the Sixth Circuit granted en banc review in <u>United States v. Stitt</u>, No. 14-6158, 2016 U.S. App. LEXIS 2501 (Feb. 10, 2016), <u>vacated and en banc rehr'g granted</u>, <u>United States v. Stitt</u>, No. 14-6158, 2016 U.S. App. LEXIS 7775 (6th Cir. Apr. 27, 2016).  The issue under reconsideration in <u>Stitt</u> is whether Tennessee aggravated burglary has been correctly classified as generic and a violent felony for ACCA purposes under this Circuit's prior precedent.  The defendant has argued the statute is overly broad, indivisible and nongeneric because of its incorporation of the definitions of "habitation" and "consent."

The question of whether a conviction for Tennessee aggravated burglary qualifies as an ACCA predicate has now become unsettled in this circuit.  If <u>Stitt</u> is decided in Mr. Lemons' favor, his aggravated burglary convictions would no longer qualify as ACCA predicates under the

---

[1] As this Court is well aware, the ACCA's definition of "violent felony" provides:

The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device that would be punishable by imprisonment for  such term if committed by an adult, that -

(i)      has an element the use, attempted use or threatened use of physical force against the person of another; or

(ii)      is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of potential injury to another.

18 U.S.C. §§ 924(e)(2)(B)(i), (ii).  Over time, subsection (i) has come to be known as the "elements" or "use of physical force" clause, while subsection (ii) contains the numerated offense clause and "residual clause." <u>See</u>, <u>e.g.</u>, <u>United States v. Mitchell</u>, 743 F.3d 1054, 1058 (6th Cir. 2014) (explaining the clause names in the context of the ACCA); <u>see also</u> <u>United Sates v. Collins</u>, 799 F.3d 554, 597 (6th Cir. 2015) (addressing the "elements clause").

enumerated clause.  The only other way in which it could qualify would be under the now void residual clause, as the Sixth Circuit has never ruled that aggravated burglary qualifies under the use of physical force clause.  This is because the Supreme Court defines "physical force" as "<u>violent</u> force -- that is, force capable of causing physical pain or injury to another person." <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010) (emphasis in original).  If it is possible to convict a person under a statute for conduct not involving the use, attempted use or threatened use of physical force, then that crime cannot constitute a predicate felony under the use of physical force clause.  <u>See</u> <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2283 (2013); <u>Taylor</u>, 495 U.S. at 599-600.  On its face, it is clear that Tennessee's aggravated burglary statute does not require the use, attempted use or threatened use of physical force.  Thus, if it turns out the only way for aggravated burglary to qualify as a violent felony would be under the now void residual clause, <u>Johnson</u> would control.

Meanwhile, the statute of limitation for filing a § 2255 motion seeking relief under <u>Johnson</u> will run on June 26, 2016.  <u>See</u> 28 U.S.C. § 2255(f)(3).  If Mr. Lemons does not seek relief via this § 2255 motion at this time, there is no other recourse for relief, assuming the Sixth Circuit decides this issue favorably for him.  Mr. Lemons therefore submits this § 2255 motion for the Court's consideration.

## II.   <u>ARGUMENTS AND AUTHORITIES</u>

Under 28 U.S.C. § 2255(a), a defendant is entitled to a resentencing when his original sentence was imposed "in excess of the maximum authorized by law," and "in violation of the constitution."  While § 2255 motions generally may not be used as vehicles to create or apply new rules of constitutional law, new interpretations of substantive law may be applied retroactively in a § 2255 motion.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 620-21 (1998).  Mr. Lemons is

4

entitled to relief because, without his aggravated burglary conviction, he does not have enough convictions to qualify as an armed career criminal and his sentence is therefore in excess of the maximum authorized by law.

In its recent <u>Johnson</u> opinion, the Supreme Court substantially narrowed the type of conviction that can trigger application of the ACCA. The Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

In light of <u>Johnson</u>, to qualify as a violent felony under the ACCA, a predicate offense must either: (1) be an enumerated generic offense listed in 18 U.S.C. § 924(e)(2)(B)(ii); or (2) fall under the "use of physical force" clause. The Sixth Circuit has never held that a conviction for Tennessee aggravated burglary qualifies as a violent felony under the use of physical force clause. Thus, to continue to find that Mr. Lemons' aggravated burglary conviction qualifies as a predicate offense, this Court must find that Tennessee's aggravated burglary is the equivalent of generic burglary such that it qualifies under the enumerated clause. Because the law in this area has become so unsettled, such a finding is now questionable. Without a finding that the conviction qualifies under the enumerated clause, the only other recourse would be to the now defunct residual clause. Because this is impermissible after <u>Johnson</u>, Mr. Lemons' conviction must be revisited.

A. **<u>The caselaw regarding whether Mr. Lemons' aggravated burglary convictions can continue to qualify as ACCA predicates is unsettled.</u>**

Tennessee's aggravated burglary statute provides: "Aggravated burglary is burglary of a

habitation as defined in §§ 39-14-401[2] and 39-14-402.[3]"  Tenn. Code Ann. § 39-14-403.  In <u>Nance</u>, the Sixth Circuit held that "Tennessee's aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes."  481 F.3d at 888.  In <u>Priddy</u>, the Circuit, held that "a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause."  808 F.3d at 684.  And most recently, in <u>Stitt</u>, the court, relying on <u>Priddy</u> and <u>Nance</u>, again found aggravated burglary to qualify categorically as a violent felony under the ACCA's enumerated offense clause.  <u>Stitt</u>, 2016 U.S. App. LEXIS 2501, at *10.  En banc review was recently granted in the <u>Stitt</u> case, where the defendant is challenging this precedent, arguing that: (1) <u>Nance</u> relies on outdated Tennessee law; and (2) these decisions are in direct conflict with other Sixth Circuit decisions such as <u>United States v. Coleman</u>, 655 F.3d 480 (6th Cir. 2011).  <u>See</u> <u>Stitt</u>, 2016 U.S. App. LEXIS 7775, at *1 (en banc order).

---

[2] This statute defines habitation as follows:

"Habitation": (A) Means any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons; (B) Includes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant; and (C) Includes each separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle.

Tenn Code Ann. § 39-14-401(1)(A)-(C).

[3] This is Tennessee's burglary statute, providing in relevant part:

A person commits burglary who, without the effective consent of the property owner: (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault; (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building; (3) Enters a building and commits or attempts to commit a felony, theft or assault; or (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a)(1)-(4).

During this time, the Supreme Court accepted certiorari in the case of <u>Mathis v. United States</u>, No. 15-6092, 2016 U.S. LEXIS 710 (Jan. 19, 2016).  The issue in that case is whether a predicate prior conviction under the ACCA must qualify as such under the elements of the offense simpliciter, without extending the modified categorical approach to separate statutory definitional provisions that merely establish the means by which referenced elements may be satisfied rather than stating alternative elements or versions of the offense.

In the <u>Mathis</u> case, the defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l).  <u>United States v. Mathis</u>, 786 F.3d 1068, 1070 (8th Cir. 2015).  The district court found that the defendant had at least three prior felony convictions for violent felonies (including five Iowa burglary convictions), and sentenced him to the ACCA's statutory minimum sentence of fifteen years.  On appeal, the Eighth Circuit found that at least two of the defendant's convictions for burglary qualified him for armed career criminal status.  <u>Id.</u> at 1075.

In determining whether the defendant's burglary convictions were for "generic burglary" as required for ACCA purposes, the Eighth Circuit recognized that Iowa's burglary offense was broader than generic burglary because the offense's central element of an "occupied structure" included vehicles as well as buildings and structures.  <u>Mathis</u>, 786 F.3d at 1074.  Because a separate Iowa statutory provision defined "occupied structure" alternatively, the court utilized the modified categorical approach to find that the alternative definition involved in two of the prior burglary convictions was for a building (specifically, a garage).  <u>Id.</u> at 1075.

On certiorari, the <u>Mathis</u> defendant has argued that the court's inquiry should have ended with finding that the Iowa burglary statute swept more broadly than generic burglary because of the wide ranging structure element.[4]  The defendant contended that it is error for courts to extend

_____

[4] The Court heard oral arguments on April 26, 2016.

the modified categorical approach to separate statutory definitional provisions that provide a mere means of satisfying the occupied structure element, not further discrete elements of the offense itself.

The issue in Mathis is based upon a circuit split regarding whether the modified categorical approach should extend to statutory definitional provisions that are separate from, but serve to explain, terms used in a statute of conviction.  See Mathis, 786 F.3d at 1075 n.7 (8th Cir. 2015) (comparing United States v. Hockenberry 730 F.3d 645, 669 (6th Cir. 2014) (consulting different statute to define term "occupied structure" to determine divisibility of a Pennsylvania burglary statute),[5] and United States v. Herrera-Alvarez, 753 F.3d 132, 139-40 (5th Cir. 2014) (consulting different statute that defined term "dangerous weapon" to determine divisibility of a Louisiana battery statute), and United States v. Trent, 767 F.3d 1046, 1056 (10th Cir. 2014) (consulting other statutes cross-referenced in conspiracy statute to determine divisibility), cert. denied, 135 S. Ct. 1447 (2015), with United States v. Simmons, 782 F.3d 510 (9th Cir. 2015) (declining to consult a separate statute that defined the term "custody" in a Hawaii escape statute).

This split, in turn, is grounded in part on a larger split over whether "statutory alternatives" for purposes of invoking the modified categorical approach include alternatives that are deemed "means" of proving an element rather than a necessary "element" itself of conviction.  See Mathis, 786 F.3d at 1075 n.6; compare United States v. Ozier, 796 F.3d 597, 600-602 (6th Cir. 2015) (eschewing distinction between means and elements in rejecting argument that alternative statutory

---

[5] Note that this Circuit also consulted a different statute to determine the meaning of the word "building," in a New York burglary statute, stating: "A state's penal code structure does not erase the Supreme Court's developed distinction between 'divisible' and 'indivisible' offenses by distributing elements across various statutory provisions."  United States v. Prater, 766 501, 510 (6th Cir. 2014).

definitions of "habitation" element in burglary statute were beyond inquiry under the modified categorical approach), with Rendon v. Holder, 764 F.3d 1077, 1086 (9th Cir. 2014) (requiring that statutory alternatives set forth alternative elements and not merely means "on which the jury may disagree yet still convict."), United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015) (agreeing with Rendon that inquiry focuses on alternative elements not alternative means); see also United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013), cert. denied, 134 S. Ct. 1777 (2014) (finding that alternative state case law definitions of "assault" element were merely alternative means of establishing the element and not alternative elements or versions of the assault offense that permits application of the modified categorical approach).

The Mathis case thus impacts whether Tennessee aggravated burglary convictions will continue to qualify as ACCA predicate convictions.  Indeed, the anticipated Mathis opinion has been raised by the defendant in Stitt in his pending en banc brief.

To make matters even more confusing, the Sixth Circuit in Ozier, supra., incorporated Tennessee's definition of "habitation" (T.C.A. § 39-14-401), which includes self-propelled motor vehicles, occupied vehicles, and structures appurtenant to or connected to the structure or vehicle into the aggravated burglary/burglary statutes (T.C.A. §§ 39-14-402-03), and applied the modified categorical approach.  In so doing, the Ozier panel noted that two other panels had done the same in United States v. Lara, 590 F. App'x 574, 585 (6th Cir. 2014), and United States v. Moore, 578 F. App'x 550, 553 (6th Cir. 2014).  Ozier, 796 F.3d at 600.  Ozier is noted in Mathis as contributing to the circuit split, but it also creates an intra-circuit conflict because it flies in the face of the categorical finding that aggravated burglary is a violent felony in Nance and Priddy.   Indeed, the Stitt panel found that even though both parties invited the court to use the modified categorical approach to figure out whether the defendant burglarized a "habitation," they could not use the

9

approach because aggravated burglary had been determined categorically to be a violent felony under the ACCA's enumerated offense clause in both Priddy and Nance.  2016 U.S. App. LEXIS 2501, at *10.

In Priddy, Judge White wrote a concurring opinion stating that the Court should not have reached the aggravated burglary convictions because Priddy otherwise had three qualifying convictions.  Her reasoning was that Nance failed to address the definition of habitation, which she thought likely rendered Tennessee's aggravated burglary statute non-generic.  Priddy, 803 F.3d at 687 (White, J., concurring).

As can be seen by this synopsis of the condition of the circuit's caselaw regarding Tennessee aggravated burglary, the conviction is difficult to analyze under current law because the relevant cases regarding whether it can be considered a violent felony under the ACCA, and if so under what circumstances, is largely up in the air.  If it is determined that aggravated burglary is not categorically a violent felony under the enumerated clause, it is very unlikely that a court would find Tennessee aggravated burglary qualifies under the use of physical force clause.  The Sixth Circuit never has because the statute's elements simply do not describe a violent crime.  The only recourse to continue to count the conviction as a predicate conviction would be resort to the now void residual clause.  This would violate due process, according to Johnson.

Given the state of the law, if Mr. Lemons does not raise this issue under Johnson prior to June 26, 2016, he will have no adequate legal recourse to raise it.  Mr. Lemons thus respectfully requests this Court to accept this § 2255 motion to vacate, set aside or correct the judgment.  At the very least, Mr. Lemons requests the Court to hold the motion in abeyance pending the decisions in Stitt and Mathis.  In further support of this request, Mr. Lemons provides the Court with the following additional relevant legal arguments.

**B.** **The offense stated in Tennessee's aggravated burglary statute is not equivalent of generic burglary and therefore does not qualify as a violent felony for ACCA purposes.**

In evaluating whether a conviction under a criminal statute qualifies as a predicate offense under the enumerated offense clause of the ACCA, courts apply the "categorical approach," which entails comparing the elements of the statute with the "generic elements" of the offense enumerated in the ACCA, which would here be burglary. Descamps, 133 S. Ct. at 2281. The generic offense of burglary under the ACCA requires "'[u]nlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime,'" id. at 2283 (quoting Taylor, 495 U.S. at 599), and requires "an unlawful entry along the lines of breaking and entering," id. at 2285.

Reviewing Tennessee's aggravated burglary statute is significantly complex because of how the statute is organized. The statute incorporates two different definitions, that of regular burglary in Tenn. Code Ann. § 39-14-402, and the definition of "habitation" set forth in Tenn. Code. Ann. § 39-14-401. Both of these definitions are overbroad when compared to the Taylor definition of "generic burglary." Yet, in Nance, the Sixth Circuit, without any an analysis of the definition of "habitation," found aggravated burglary to qualify categorically as a violent felony under the ACCA's enumerated offense clause. Nance, 481 F.3d at 887-88.

What is being argued in Stitt is first, that Nance's reasoning has been superseded to the extent that it relies on outdated Tennessee law. See Nance, 481 F.3d at 888 (citing United States v. Sawyers, 409 F.3d 732, 737 (6th Cir. 2005) (quoting State v. Langford, 994 S.W.2d 126, 127 (Tenn. 1999))). That is, since Nance, the Tennessee Supreme Court has held that its burglary statute is broader than the generic definition of burglary employed in the ACCA. See State v. Pope, 427 S.W.3d 363, 371 (Tenn. 2013) (explaining that Tennessee has an unusually broad statutory definition of one component of the offense of burglary). Thus, in light of these

developments in Tennessee law, the conclusion in Nance that Tennessee burglary matches the ACCA generic definition of burglary (a conclusion that in any case was reached with little legal analysis) is plainly incorrect.

Moreover, Nance and Priddy are in direct conflict with the Sixth Circuit's analysis of Ohio's burglary statute, which is similarly structured. Ohio's burglary statute makes it a criminal offense to trespass in an "occupied structure."  In Ohio, an "occupied structure" is defined in a separate statute to include, among other things, a house, outbuilding, watercraft, aircraft, railroad car, truck, trailer, and tent.  Coleman, 655 F.3d at 482 (quoting Ohio Rev. Code § 2909.01(C)). The Coleman court held that Ohio's broad definition of occupied structure makes Ohio's burglary statute non-generic.  Id. at 482 ("Ohio's third-degree burglary statute proscribes conduct broader than the Supreme Court's definition of 'generic burglary.'"). This cannot be reconciled with the court's treatment of Tennessee's aggravated burglary statute and there is no legal or compelling reason to analyze Tennessee's burglary statute one way and Ohio's burglary statute another.

Just like Ohio's burglary statute, Tennessee's aggravated burglary statute (and its cross-referenced definition of habitation) encompasses more places than just buildings or structures and therefore cannot be generic burglary. See Taylor, 495 U.S. at 598; Coleman, 655 F.3d at 482. The Tennessee statutory comments explain: "'habitation,' defined in § 39-14-401, is broader than 'building' because it includes vehicles and structures other than buildings, such as modular units, mobile homes, trailers, campers and tents that are 'adapted for the overnight accommodation of persons.'" Tenn. Code Ann. § 39-14-403.  A person may violate Tennessee's aggravated burglary statute by unlawfully entering a vehicle, which the Supreme Court has explained is a non-generic burglary and not a violent break-in.  Nijhawan v. Holder, 557 U.S. 29, 35 (2009).  Additionally, though inconsistent with Nance and Priddy, several cases from the Sixth Circuit have also

recognized that Tennessee's overly broad definition of "habitation" prohibits the aggravated burglary statute from being categorically a violent felony.  Ozier, 796 F.3d at 600; Lara, 590 F. App'x at 579 ("Thus, Tennessee's definition of a 'habitation' includes structures that would not be considered 'place[s] of habitation' under the generic formulation of the statute."); see also United States v. McFalls, 592 F.3d 707, 714 (6th Cir. 2010).

In Stitt, the Court is also presented with the argument that Tennessee's aggravated burglary statute is not categorically a violent felony because it criminalizes broader conduct than generic burglary due to Tennessee's broad definition of "without lawful consent" that permits passive deception to qualify as burglary.  The Tennessee Supreme Court confirms aggravated burglary under Tennessee law broadly defines the "unlawful entry" prong in that there is no requirement of an affirmative act to gain entry, such as words or conduct inducing the property owner's consent at the time of entry.  Pope, 427 S.W.3d at 371.  The allowance of permissive deception is an unusually broad definition of burglary.  Id. (citing Tenn. Code Ann. § 39-11-106(a)).  Generic burglary, in contrast, requires more than passive deception; generic burglary requires breaking and entering.  Descamps, 133 S. Ct. at 2285.  Accordingly, the Tennessee statute sweeps more broadly than generic burglary.  Therefore, because the Tennessee definition of burglary, with its overbroad definition of "deception" in Tenn. Code Ann. § 39-11-106(a)(6), "does not require breaking and entering." i.e., unlawful entry, an aggravated burglary conviction in Tennessee is not an ACCA predicate offense.

### C.   Tennessee's aggravated burglary statute remains indivisible and thus only the categorical approach is applicable.

In Stitt, the Court is also being asked to settle the matter of whether the aggravated burglary

statute is divisible, which will in turn settle the intra-circuit conflict regarding whether <u>Shepard</u>[6]

documents should ever be used to evaluated an aggravated burglary conviction.  Thus, the <u>Stitt</u>

court is being presented with the argument that Tennessee's statute defining the element of

habitation is indivisible.  The argument is that this definitional section simply sets out a list of

illustrative examples of different means by which the element of habitation may be proven.

Elements and means are fundamentally and constitutionally different.  <u>Richardson v. United States</u>,

526 U.S. 813, 817 (1999) ("Calling a particular kind of fact an 'element' carries certain legal

consequences.").

 Elements of a crime must be specifically charged and unanimously found by the jury. <u>Id.</u>

In contrast, means are simply facts about how a crime may have been committed.  The underlying

facts of how a crime may have been committed need not be specified in the charging document.

More importantly, these facts require no unanimous finding by the jury.  <u>See id.</u> (citing <u>Schad v.</u>

<u>Arizona</u>, 501 U.S. 624, 631-632 (plurality opinion) ("a federal jury need not always decide

unanimously which of several possible sets of underlying brute facts make up a particular element,

say, which of several possible means the defendant used to commit an element of the crime.")).

> Where, for example, an element of robbery is force or the threat of force, some
> jurors might conclude that the defendant used a knife to create the threat; others
> might conclude he used a gun. But that disagreement—a disagreement about
> means—would not matter as long as all 12 jurors unanimously concluded that the
> Government had proved the necessary related element, namely, that the defendant
> had threatened force.

<u>Richardson</u>, at 817; <u>accord</u> <u>Descamps</u>, 133 S. Ct. at 2290.  This example applies equally to

Tennessee's aggravated burglary statute.  Reviewing Tennessee's statute, pattern jury instructions,

and case law, it is clear that the element of the offense is habitation and the definitional statute is

---

  [6] <u>Shepard v. United States</u>, 544 U.S. 13 (2005).

simply an illustrative listings of what facts may be used to satisfy the element of habitation.

For instance, an indictment for aggravated burglary need only include the element of "habitation," and does not require the specific detail of what kind of habitation was entered.  See State v. Crawford, No. E2003-00627-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 218 *26-27 (Tenn. Ct. Crim. App. 2004) ("indictment alleged that . . . the defendant committed the offense of aggravated burglary 'by knowingly entering a habitation, the property of Billy Ricker, without the effective consent of the owner(s) and with the intent to commit an assault; a Class C felony in violation of Section 39-14-403, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee.'").

Additionally, Tennessee's pattern jury instruction ("T.P.I.") 14.02 lists "habitation" as the element that must be proven. That instruction provides: "[f]or you to find the defendant guilty of [aggravated burglary], the state must have proven beyond a reasonable doubt the existence of the following essential elements:"

> (1)That the defendant entered a habitation (or any portion thereof); and (2) That the defendant entered with the intent to commit [___, a felony] [a theft] [an assault]; [Include here the elements of the alleged crime(s).] and (3)That the defendant acted without the effective consent of the owner; and (4)That the defendant acted either intentionally, knowingly, or recklessly.

T.P.I. 14.02, part A.  Thus, under Tennessee law, the jury may disagree on what type of habitation was involved and the defendant may still be properly convicted of aggravated burglary. Because the type of habitation need not be proven beyond a reasonable doubt or found unanimously by the jury, the type of habitation cannot be an element of the offense. Because the illustrative examples of a habitation in Tenn. Code Ann. § 39-14-401 list alternative means and not separate elements of the offense, § 39-14-401 does not make the aggravated burglary statute divisible.

Under the categorical approach, aggravated burglary may only qualify as an ACCA

15

predicate if its "elements are the same as, or narrower than, those of the generic offense."   Id. at 2281.  This is true "even if the defendant actually committed the offense in its generic form."   Id. at 2283. The ultimate question is whether the jury is "actually required to find all of the elements of generic burglary." Id. at 2284 (quoting Taylor, 495 U.S. at 602).   A Tennessee jury is not required to do so because the habitation element sweeps too broadly.   Thus, the categorical approach must be used and Tennessee's aggravated burglary statute is too broad to qualify as a generic burglary.

In direct conflict with Nance and Priddy, however, the Sixth Circuit has found Tennessee's aggravated burglary statute is not categorically a violent felony.   In Ozier, Lara, and Castro-Marinez, the Circuit has held that the aggravated burglary statute is divisible because of Tennessee's broad definition of habitation and proceeded to apply the modified categorical approach.  Ozier, 796 F.3d at 603; Lara, 590 F. App'x at 585; United States v. Castro-Martinez, 624 F. App'x 357, 361 (6th Cir. 2015).   The analysis undertaken by the Court in these cases, however, cannot be reconciled with the Sixth Circuit's approach in Coleman.   See Coleman, 655 F.3d at 482 (applying the categorical approach to Ohio's burglary statute which is, in all relevant ways, identical.).   Coleman did not conclude Ohio's broad definition of occupied structure made the burglary statute divisible.   Instead, it correctly applied the categorical approach and found Ohio's burglary statute was too broad to qualify as a generic burglary.   Id. at 482.   Moreover, the court's reliance on the various definitions of habitation to conclude the statute is divisible is inconsistent with Supreme Court precedent differentiating between elements and means.

The Sixth Circuit is one of the Circuits that has previously rejected this means versus elements argument.   The Ozier court concluded that "Decamps expressly rejected [Ozier's] finite parsing of state law as to the difference between 'means' and 'elements.'"   796 F.3d at 601-603

(quoting Descamps, 133 S. Ct. at 2285, n.2).  Of course, this is the issue currently pending before the United States Supreme Court in United States v. Mathis, No. 15-6092.

In Stitt, the defendant has asked the Court to reject such reasoning, and follow instead the reasoning of the Eleventh Circuit in United States v. Lockett, 810 F.3d 1262, 1267 (11th Cir. 2016).  In Lockett, the Eleventh Circuit analyzed South Carolina's burglary statute, which required proof that the defendant entered a dwelling without consent and with intent to commit a crime therein.  Lockett, 810 F.3d at 1269.  Similar to Tennessee, South Carolina law contains a separate statute defining an element of the offense ("dwelling").  Id. at 1269-70.  The court reviewed South Carolina law and model jury instructions and concluded that the "type of dwelling" is not an element of the crime. Id. at 1271. The court relied on the fact that prosecutors are not required to charge the specific type of dwelling and the jury need not unanimously agree on the kind of dwelling.  Because of this, "Mr. Lockett never had the protection of the Sixth Amendment for the fact of what kind of dwelling (or what part of a dwelling) he entered."  Id. at 1272. Without this protection, the Eleventh Circuit reasoned, it could not find South Carolina's burglary convictions generic.  Id. at 1272.

### D.    **The definitional statute of habitation is also indivisible.**

The Stitt defendant has also asserted that the cross-referenced definition of "habitation" in § 39-14-401 is itself indivisible and therefore the modified categorical approach does not apply. The Descamps Court explained statutes are only divisible if they set out elements in the alternative. 133 S. Ct. at 2281.  In its example of alternative statutory elements, the Court emphasized the disjunctive word "or."  Id.  The definition of "habitation" in § 39-14-401, however, contains no disjunctive words between examples.  Rather, the definition links its sections with the word "and." See 39-14-401(1)(A)-(C), supra.  Thus, Tennessee's definition of "habitation" is indivisible and

the modified-categorical approach is not appropriate.

**E.**     **Even if the statute is ultimately determined to be divisible, the Shepard documents fail to show that Mr. Lemons' convictions qualify as violent felonies.**

In <u>Lara</u>, the Sixth Circuit found Tennessee's aggravated burglary statute is divisible into five variant types of "habitation" structures: (1) a "structure . . . designed or adapted for the overnight accommodation of persons," (2) a "self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant," (3) a "separately secured or occupied portion of the structure or vehicle," (4) a "structure appurtenant to . . . the structure or vehicle," or (5) a "structure . . . connected with the structure or vehicle." <u>Lara</u>, 590 F. App'x at 585.  Significantly, the <u>Lara</u> Court declined to address which variants, if any, meet the generic definition of burglary of a dwelling.  <u>Id.</u> at 585 ("we save that question for another day").

In applying the modified-categorical approach to determine the variant involved in Mr. Lemons' prior conviction, this Court can "consult a limited class of documents" in order to determine which alternative element "formed the basis of the defendant's prior conviction." <u>Descamps</u>, 133 S. Ct. at 2281.  The permissible <u>Shepard</u> documents are limited to: the "charging document, written plea agreement, transcript of plea colloquy," jury instructions, and "any explicit factual finding by the trial judge to which the defendant assented."  <u>Shepard</u>, 544 U.S. at 16.

Here, the <u>Shepard</u> documents did not clarify what type of "habitation" was involved in Mr. Lemons' prior conviction for aggravated burglary.  Documents were submitted in the sentencing regarding these prior convictions but the issue argued at the sentencing was not whether they could be counted as violent felonies but whether they could be used at all, if they had been obtained in violation of Defendant's right to counsel. ( R. 45, exhibit list) For this reason as well, Mr. Lemons

respectfully requests this Court to vacate, set aside, and/or correct his judgment.

### F.     At minimum, a certificate of appealability should issue.

A defendant cannot appeal from a final order denying a § 2255 motion unless a district judge or circuit justice issues a certificate of appealability.   Welch, 136 S. Ct. at 1263 (citing 28 U. S. C. §2253(c)(1)).   Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   The Supreme Court has noted that this "standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'"   Id. (citing Slack v. McDaniel, 529 U. S. 473, 484 (2000)).

The Supreme Court further cautions that this is not a burdensome task.   See id.   Indeed, the Court explained that "obtaining a certificate of appealability 'does not require a showing that the appeal will succeed,' and 'a court of appeals should not decline the application . . . merely because it believes the applicant will not demonstrate an entitlement to relief.'"   Id.   at 1263-64 (citing Miller-El v. Cockrell, 537 U. S. 322, 337 (2003)).   The Welch decision addressed a situation very similar to that of Mr. Lemons.  The Welch defendant was challenging his ACCA status in light of Johnson.   He specifically argued that his prior conviction for "strong-arm robbery" no longer qualified as a violent felony, and therefore he lacked the requisite number of predicate offenses. Welch, 136 S. Ct. 1268.  The Court concluded that, because its previous decision in Johnson was retroactive "reasonable jurists at least could debate whether [defendant] was entitled to relief."   Id.

Further, the Mathis case, pending in the Supreme Court and the circuit split discussed therein also evidence that the law regarding Tennessee aggravated burglary is largely unsettled. These issues suggest, at a minimum, that a certificate of appealability should issue.

Given how quickly and drastically the law in this area is changing, should this Court deny Mr. Lemons' § 2255 motion, he requests that the Court afford him the opportunity to appeal.

III.    **CONCLUSION**

The Supreme Court's recent decision in Johnson voided the residual clause definition of violent felony on vagueness grounds.  In light of Johnson, a defendant with a Tennessee aggravated burglary conviction only qualifies for ACCA status because his conviction has been found categorically to be a violent felony under the enumerated clause.  Sixth Circuit precedent regarding this finding is in flux and the Supreme Court recently heard oral argument in a case that will impact Sixth Circuit precedent on the matter.  While Johnson addressed the residual clause, if Sixth Circuit precedent is overruled, the only possible definition of violent felony that applies to keep defendants convicted of aggravated burglary classified as an armed career criminal would be the now defunct residual clause.  Such defendants will have no recourse to contest their convictions once Johnson's statute of limitation runs, while similarly situated defendants are being released from the ACCA's statutory minimum sentence.  Mr. Lemons therefore respectfully requests this Court to grant his § 2255 motion.

WHEREFORE Mr. Lemons respectfully requests that the Court grant his § 2255 motion, vacate his current sentence, and resentence him.  Alternatively, Mr. Lemons respectfully requests the Court to hold his case in abeyance pending the Sixth Circuits decision in Stitt, and the Supreme Court's decision in Mathis.  Should this Court deny Mr. Lemons' § 2255 motion, he requests that the Court afford him the opportunity to appeal.


Respectfully submitted,

DORIS RANDLE-HOLT

FEDERAL DEFENDER

*s/ M. Dianne Smothers*
Assistant Federal Public Defender
109 S. Highland Ave., Suite 105
Jackson, TN 38301
(731) 427-2556

## CERTIFICATE OF SERVICE

I, M. Dianne Smothers, certify that the foregoing Memorandum in Support of Motion to Correct Sentence under § 2255 was forwarded by electronic means via the Court's electronic filing system to James W. Powell, Assistant United States Attorney, 109 S. Highland Ave, Suite 300, Jackson, Tennessee, 38301

this 17th day of June, 2016.

*s/ M. Dianne Smothers*
Assistant Federal Defender